UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF FOERTSCH CONSTRUCTION COMPANY, INC., AS OPERATOR AND OWNER *PRO HAC VICE,* OF THE BARGE FCC-6, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 4:20-CV-117-JHM<br><br>Electronically Filed |

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW the Limitation Petitioner, Foertsch Construction Company, Inc. as operator, owner and/or owner *pro hac vice* of the Barge FCC-6 ("Limitation Petitioner"), and in support of its Complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq.*, states as follows:

1. This action is brought pursuant to 46 U.S.C. § 30501, *et seq.*, commonly called the Limitation of Liability Act.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE. This matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, FEDERAL RULES OF CIVIL PROCEDURE.

3. Jurisdiction exists in this action pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

4. At all material times, Limitation Petitioner was the operator, owner and/or owner *pro hac vice* of the Barge FCC-6 and is organized and existing pursuant to the laws of the state of Indiana with its principal place of business in Lamar, Indiana.

5. Prior to the incident that is the subject of this proceeding, and at all material times, Limitation Petitioner exercised due diligence to place and maintain the Barge FCC-6 in a seaworthy condition in all respects, and the Barge FCC-6 was in fact tight, staunch, strong, fully and properly equipped, and seaworthy in all respects, fit and proper for the service in which it was engaged at the time of the occurrence hereinafter described.

6. On May 17, 2019, the FCC-6 was afloat on the navigable waters of the United States, specifically, the Ohio River at or about mile 808.5 near the left descending shore close to Henderson, Kentucky in connection with certain marine repair and construction activities ongoing at the Owensboro Grain-Henderson facility ("OGC Facility").

7. At approximately 0700 hours on May 17, 2019, John Bennett was employed by Bulldog Diving and working on the Ohio River at the OGC facility in connection with the repairs being performed when he was allegedly injured after entering the Ohio River from or near the Barge FCC-6.

8. Immediately following this incident, the value of Limitation Petitioner's interests in the Barge FCC-6 was $175,000. The value of the freight pending within the meaning of the applicable statutes was zero. Attached hereto as Exhibit "1" is a Declaration of Chuck R. Pennington reflecting the value of said vessel at the time immediately following the incident.

9. As a result of the foregoing incident, John Bennett and Tracey Bennett have filed suit in the Henderson Circuit Court, Commonwealth of Kentucky, in the matter entitled "*John and Tracey Bennett v. ADM Grain Company et al, Foertsch Construction Company, Inc and Owensboro Grain Company LLC v Foertsch Construction Company,*

*Inc* " bearing civil action number 20-CI-273, on the docket of said court. Various third-party claims and cross claims have been asserted by and between the parties in the above-mentioned litigation, including claims by Owensboro Grain Company, ADM Grain Company and Bulldog Diving Company against Limitation Petitioner for contribution and indemnity, among other claims. This suit and its various claims by and between all parties is referred to herein as the "Litigation".

10. Limitation Petitioner avers that the amount of the damages and/or claims described herein and all other possible claims may exceed the amount or value of Limitation Petitioner's interests in the Barge FCC-6 and its pending freight.

11. The above described incident, and all losses and damages resulting from it, were not caused by negligence on the part of Limitation Petitioner, or on the part of the Barge FCC-6, nor any persons for whom Limitation Petitioner was and is responsible, nor were there any unseaworthy conditions aboard the Barge FCC-6 that caused or contributed to the incident. Accordingly, Limitation Petitioner and the Barge FCC-6 are entitled to be exonerated from all liability for the incident.

12. Additionally and/or alternatively, the incident, and all losses and damages occurring as a result of it, occurred without any privity or knowledge of any officer, director or managing agent of Limitation Petitioner, and for this reason Limitation Petitioner and the Barge FCC-6 are entitled to limit their liability to the post-accident value of the Barge FCC-6 pursuant to 46 U.S.C. § 30501, *et seq.*

13. Subject to a formal appraisal of Limitation Petitioner's interests in the Barge FCC-6, Limitation Petitioner shall offer an *ad interim* stipulation and Letter of Undertaking

for the value of the Barge FCC-6 in the sum of $175,000, said sum being equal to the aggregate value of Limitation Petitioner's interests in the Barge FCC-6.

14.	This Complaint is filed within six (6) months after Limitation Petitioner's receipt of first written notice of a claim.

15.	At the time this Complaint was filed, the Litigation was pending within the jurisdictional boundaries of the United States District Court for the Western District of Kentucky.

16.	Limitation Petitioner avers that there are no unsatisfied liens or claims of liens arising on the above-reference voyage so far as is known.

WHEREFORE, Foertsch Construction Company, Inc. prays:

1.	That this Court enter an Order approving an *ad interim* stipulation to be filed by Limitation Petitioner for the value of their interests in the Barge FCC-6 in the amount of $175,000;

2.	That this Court accept the *ad interim* stipulation and approve the Letter of Undertaking to be filed as security for the value of the Barge FCC-6 in the total amount of $175,000, plus interest at the rate of six percent (6%) per annum from the date of this Complaint;

3.	That this Court issue an order enjoining or restraining the commencement or prosecution of any and all actions, suits or legal proceedings of whatsoever kind, nature or character by any claimant against Foertsch Construction Company, Inc., its respective officers, agents, servants, employees or affiliated companies, underwriters or against the Barge FCC-6 itself, arising out of or attributable to the incident;

4. That this Court admonish each and every claimant to appear and file his or her claim with the Clerk of this Court on or before a date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims;

5. That this Court direct each and every claimant to answer the allegations contained in this Complaint;

6. That this Court, after due hearing, determine that Foertsch Construction Company, Inc. and/or the Barge FCC-6 are not liable for any damage on any basis whatsoever in connection with the incident; and

7. That, in the alternative, should this Court determine that Foertsch Construction Company, Inc. and/or the Barge FCC-6 are liable to any person, firm, corporation or entity to any extent on any basis, which is denied, the Court then determine that Foertsch Construction Company, Inc. is entitled to limit their liability to the value of their interests in the Barge FCC-6 and that a judgment be entered discharging Foertsch Construction Company, Inc. and the Barge FCC-6 from any further liability arising from, or growing out of, or in connection with the incident; and, for such other relief as the proof may show appropriate.

RESPECTFULLY SUBMITTED this 22nd day of July, 2020.

        MILLER HAHN, PLLC

        */s/ Carl J. Marshall*
        Carl J. Marshall, Esq.
        2660 West Park Drive, Suite 2
        Paducah, KY 42001
        Telephone: (270) 554-0051
        Facsimile (866) 578-2230
        cmarshall@millerlaw-firm.com

        Attorneys for Limitation Petitioner,
        Foertsch Construction Company, Inc.